UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANDRE L. SHEFFIELD,

    Plaintiff,

v.                                            Case No. 4:22-cv-409-AW/MJF

MICHAEL BROWN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's complaint, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Plaintiff is an inmate in the custody of the Florida Department of Corrections ("FDC") at the Reception and Medical Center—Main Unit. Doc. 1 at 20. His FDC inmate number is "116194." *Id.* at 1. On November 15, 2022, Plaintiff filed a 20-page complaint pursuant to 42 U.S.C. § 1983. *Id.* Plaintiff is suing eight defendants: (1) Captain Michael Brown; (2) Colonel Lewis; (3) Unknown Warden; (4) Unknown Officer #1; (5) Unknown Officer #2; (6) Unknown Officer #3; (7) Unknown Officer #4; and (8) Unknown Officer #5. *Id.* at 1-5.

Plaintiff alleges that on April 22, 2022, while he was housed in a self-harm observation cell at Apalachee Correctional Institution, Defendants Brown and Lewis failed to intervene and stop Unknown Officers #1-5 from using excessive force and "torturing" Plaintiff.[1] *Id.* ¶¶ 8, 12, 15-27. Plaintiff further alleges that the Warden has failed to discipline the other Defendants. Doc. 1 ¶¶ 30-31. Plaintiff claims that Defendants' conduct violated the Eighth Amendment. *Id.* ¶¶ 36-38. Plaintiff seeks injunctive relief and compensatory and punitive damages. *Id.* at 11 ¶¶ A-E.

## II. DISCUSSION

**A.    Screening of Plaintiff's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Courts may require "prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history,

---

[1] Unknown Officers #1-5 were members of the cell-extraction team.

and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

B.   <u>**Plaintiff's Disclosures**</u>

Section VIII of the complaint form utilized by Plaintiff seeks information regarding prior litigation. Doc. 1 at 13-18. Specifically, the complaint form states:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

*Id.* at 13. The complaint form then asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 13-14. Additionally, the complaint form instructs that if the plaintiff responded "yes" to any question, then the plaintiff must disclose <u>each</u> case. *Id.* at 13-14.

In response to Questions A and B, Plaintiff responded, "No," and did not disclose any cases. *Id.*

In response to Question C, Plaintiff responded, "Yes." Plaintiff disclosed that he had filed sixteen appeals in Florida's First District Court of Appeal. Doc. 1 at 15-18. He also disclosed one federal lawsuit: *Sheffield v. Warren*, No. 3:99-cv-1258 (M.D. Fla. Dec. 27, 1999). *Id.* at 15.

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 19. Thus, at the time Plaintiff signed his complaint, he asserted that he had filed only one federal action.

C.     **Plaintiff's Omissions**

Plaintiff is a frequent litigator in federal courts. *See Sheffield v. Dade Corr. Inst.*, No. 1:22-cv-22966-DPG, Order Dismissing Complaint Without Prejudice, ECF No. 8 at 2 n.1 (S.D. Fla. Sept. 21, 2022) (discussing Plaintiff's litigation history and opining that Plaintiff is a "three-striker" because of his abusive litigation tactics).

Most recently, Plaintiff filed two federal lawsuits in the Middle District of Florida concerning the conditions of his confinement:

- *Sheffield v. Shiftlette*, No. 3:22-cv-1277-BJD-LLL, ECF No. 1 at 1 (M.D. Fla Nov. 10, 2022); and

- *Sheffield v. Sec'y Dep't of Corr.*, No. 3:22-cv-1245-MMH-JBT, ECF No. 1 at 1 (M.D. Fla. Nov. 8, 2022).

These civil actions were filed *a few days* before Plaintiff filed the instant action, thus it is unlikely that Plaintiff had forgotten about them.

Plaintiff also filed at least one habeas petition in federal court challenging his state conviction:

- *Sheffield v. Carter*, No. 3:02-cv-257, ECF No. 1 (M.D. Fla. Mar. 18 2002) (section 2254 habeas petition).

All of the cases mentioned above are attributable to Plaintiff insofar as they bear his FDC inmate number "116194." All of these cases are responsive to Question A, Question C, or both. Plaintiff, however, did not disclose these three cases.

Because he failed to disclose these cases *and many others*, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

**D.    <u>Materiality of Plaintiff's Omissions</u>**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, ECF No. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Further, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain. Finally, the time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose *all prior cases* that related to the conditions of his confinement and *all habeas petitions* challenging his convictions. Doc. 1 at 13. The complaint form expressly warns prisoners that "***failure to disclose all prior state and federal cases—***

*including but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.*" Id.

There is no excuse for Plaintiff's egregious conduct in failing to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

Additionally, a claim that Plaintiff could not remember his prior cases would strain credulity. As outlined above, Plaintiff commenced two federal civil actions challenging the conditions of his confinement *less than two weeks before he commenced this action*.

Furthermore, thirteen days before Plaintiff commenced this action, United States District Judge Marcia Morales Howard dismissed one of Plaintiff's prior lawsuits noted that Plaintiff was a "frequent filer" in federal courts. *Sheffield v. Reception Med. Ctr.*, No. 3:22-cv-1169-MMH-LLL, Order of Dismissal Without Prejudice, ECF No. 4 at 1 n.2 (M.D. Fla. Nov. 2, 2022).

Finally, only two months prior to commencing this action, Plaintiff acknowledged that he had filed several "complaints of injustice in prison settings" with the courts in the Middle District of Florida. *Sheffield v. Dade Corr. Inst.*, No.

1:22-cv-22966-DPG, Plaintiff's Letter to the Court, ECF No. 9 at 1 (S.D. Fla. Sept. 28, 2022). Therefore, at the time Plaintiff commenced this action, Plaintiff certainly knew that he previously had filed several federal actions.

To the extent he could not remember his complete litigation history or was unsure whether to disclose specific cases, Plaintiff could have indicated that on the complaint form. Doc. 1 at 13. He did not. Rather, he affirmatively represented that he had filed **only one** prior federal lawsuit before commencing this action.

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.  **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this

case without prejudice.[2] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren*

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint occurred on April 22, 2021. Doc. 1 ¶ 9. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

*v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 29th day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy**

**of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**