# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ANDRE L. SHEFFIELD,**

    **Plaintiff,**

v.                                                                 Case No.  4:22-cv-409-AW-MJF

**MICHAEL BROWN, et al.,**

    **Defendants.**

_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

I earlier considered the magistrate judge's November 29, 2022 report and recommendation. ECF No. 3. After it issued, Plaintiff move to amend his complaint. ECF No. 8. Because that motion took issue with the report and recommendation's conclusions, I treated it as an objection and considered de novo the issues it raised. I then adopted the report and recommendation and dismissed the case. ECF No. 10. Later, I vacated that order, and I have now considered de novo Plaintiff's most recent objections. ECF No. 16.

I now adopt the report and recommendation again, and I incorporate it in into this order. Plaintiff failed to accurately disclose his litigation history, and dismissal is the proper consequence.

Plaintiff argued that two of the cases the magistrate judge cited were not cases at all—that Plaintiff had simply filed affidavits with he court. ECF No. 8; *see also* ECF No. 3 (citing *Sheffield v. Shiftlette*, No. 3:22-cv-1277-BJD-LLL, ECF No. 1 at

1

1 (M.D. Fla Nov. 10, 2022); and *Sheffield v. Sec'y Dep't of Corr.*, No. 3:22-cv-1245-MMH-JBT, ECF No. 1 at 1 (M.D. Fla. Nov. 8, 2022)). And it is true that his filings in those two cases were not styled as complaints. But those were just examples.

Regardless, Plaintiff had to be aware that courts were treating his various affidavits and requests as cases because courts kept issuing orders dismissing them. *See, e.g., Sheffield v. Suwannee Corr. Inst.*, Case No. 3:15-cv-823 (M.D. Fla.) (dismissed July 14, 2015); *Sheffield v. Fla. Dep't of Corrs. et al.*, Case No. 3:15-cv-01029 (M.D. Fla.) (dismissed Aug. 26, 2015); *Sheffield v. Sexton, et al.*, Case No. 3:17-cv-39 (M.D. Fla.) (dismissed Jan. 13, 2017); *Sheffield v. Walton Corr. Instit.*, Case No. 3:18-cv-953 (M.D. Fla.) (dismissed August 8, 2018); *Sheffield v. Felix*, Case No. 3:20-cv-546 (M.D. Fla.) (dismissed June 4, 2020). In addition, Plaintiff did not disclose his earlier habeas case. *See Sheffield v. Carter*, No. 3:02-cv-257 (M.D. Fla. Mar. 18 2002). And that one was not styled as a mere affidavit.

Finally, an exhibit to Plaintiff's recent filing (ECF No. 8 Ex. A (letter to Plaintiff from clerk of court listing cases that were not disclosed in this case)) further highlights his failure to adequately disclose his litigation.

Considering all the circumstances, I agree with the magistrate judge that dismissal is appropriate.

The report and recommendation (ECF No. 3) is ADOPTED and incorporated into this order. The motion to amend (ECF No. 8) is DENIED. The motion to appoint

counsel (ECF No. 5) is also DENIED. Plaintiff has no statutory right to counsel in this circumstance, and in my discretion, I conclude that none should be appointed.

The clerk will enter a judgment that says, "Plaintiff's complaint is dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process." The clerk will then close the file.

SO ORDERED on February 6, 2023.

s/ <i>Allen Winsor</i><br>
United States District Judge